IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WENDY McGARRIGLE          :                   CIVIL ACTION
                                      :
          v.                     :
                                      :
LIBERTY LIFE                         :
ASSURANCE COMPANY         :
OF BOSTON, ET AL.               :                   NO. 13-206

**MEMORANDUM**

**Padova, J.**                                                          **May 22, 2013**

Plaintiff Wendy McGarrigle has brought this action against Liberty Life Assurance Company of Boston ("Liberty") and Factory Mutual Insurance Company ("Factory"), seeking payment of short term and long term disability benefits pursuant to Factory's short and long term disability plans. Before the Court is Liberty's Motion to Dismiss, which seeks dismissal of McGarrigle's claims against Liberty, on the grounds that (1) it is not a proper defendant as to McGarrigle's claim for short term disability benefits, and (2) McGarrigle failed to exhaust her administrative remedies as to her claim for long term disability benefits. For the following reasons, the Motion is granted in part and denied in part.

## I.    BACKGROUND

Factory provides to its employees both a Short Term Disability Plan (the "STD Plan") and a Long Term Group Disability Policy (the "LTD Policy"), which are employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").[1]  (Compl. ¶ 5, Liberty Ex. A; Liberty Ex. B, Annex A.)  McGarrigle

---

[1]We have taken the facts from the Complaint, Liberty's Exhibit A (the LTD Policy), and Annex A to Liberty's Exhibit B (a compilation of the provisions of Liberty's STD Plan (the "STD Plan Summary")). Extrinsic exhibits may be considered on a motion to dismiss if the exhibits are "referred to in the plaintiff's complaint and are central to the claim," Pryor v. Nat'l

was employed by Factory and was covered under the STD Plan and the LTD Policy. (Compl. ¶ 8.) In March 2012, she suffered post-surgical complications that kept her from being able to work and will keep her from being able to work for the indefinite future. (Id. ¶ 12.) McGarrigle applied for disability benefits in March 2012, alleging that she became disabled as of March 2012. (Id. ¶ 16.) Benefits were initially granted and were paid from April 2012 until the middle of July 2012. (Id.) Liberty sent McGarrigle a letter dated August 16, 2012, denying her claim for disability benefits. (Id. ¶ 17.) She requested an administrative appeal and supplied documentation of her continued disability. (Id. ¶ 18.) On November 8, 2012, Liberty denied McGarrigle's administrative appeal. (Id.)

The Complaint asserts one claim against both Defendants to recover benefits under the terms of the STD Plan and the LTD Policy pursuant to 29 U.S.C. § 1132(a)(1)(B). The Complaint also asserts an alternative claim against both Defendants for breach of an insurance contract.

## II. LEGAL STANDARD

Liberty has moved to dismiss McGarrigle's claims against it for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). When

---

Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (quotation omitted), that is, if the exhibits are "*integral to or explicitly relied* upon in the complaint." DiFronzo v. Chiovero, 406 F. App'x 605, 607 (3d Cir. 2011) (citation omitted).
The Complaint seeks payment of benefits to McGarrigle pursuant to the terms of Factory's short term and long term disability plans. Consequently, we find that the terms of the STD Plan and the LTD Policy are central to McGarrigle's claim and we may, therefore, consider the LTD Policy and STD Plan Summary in connection with this Motion to Dismiss. The remainder of Liberty's Exhibit B is the Administrative Services Only Agreement between Liberty and Factory, which governs Liberty's provision of administrative services in connection with the STD Plan. The Complaint does not mention the Administrative Services Only Agreement and that Agreement does not appear to be central to Plaintiff's claims for disability benefits. Consequently, we have not considered the remainder of Liberty's Exhibit B in connection with the Motion to Dismiss.

considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative

level.'"  West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169

(3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

**III.  DISCUSSION**

ERISA provides that a plan participant may bring a civil action "to recover benefits due

to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify

his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  McGarrigle

has brought this action to recover the short term and long term disability benefits she claims she

is owed pursuant to the STD Plan and the LTD Policy, and to enforce her rights under both the

STD Plan and the LTD Policy.  (Comp. ¶ 28.)

A.  The Proper Defendant

Liberty argues that McGarrigle's claim for short term disability benefits should be

dismissed against it because it is not responsible for paying benefits pursuant to Factory's STD

Plan and thus is not a proper defendant in connection with this claim.  However, "[i]n a claim for

wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who

controls the administration of benefits under the plan."  Evans v. Emp. Benefit Plan, 311 F.

App'x 556, 558 (3d Cir. 2009) (citing 29 U.S.C. § 1132(a)(1)(B)); see also Hahnemann Univ.

Hosp. v. All Shore, Inc., 514 F.3d 300, 308 (3d Cir. 2008) (stating that the proper defendants in a

suit brought pursuant to § 1132(a)(1)(B) are the plan itself and the plan administrators in their

official capacities (quoting Graden v. Conexant Sys., Inc., 496 F.3d 291, 301 (3d Cir. 2007))).

"[I]f entitlement to benefits is established, the court can direct the plan administrator to pay them

from the assets of the plan . . . ."  Hahnemann Univ. Hosp., 514 F.3d at 308 (citation omitted).

The United States Court of Appeals for the Third Circuit has explained that "[e]xercising control

over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." Evans, 311 F. App'x at 558.

The Complaint alleges that Liberty was engaged by Factory to manage and administer Factory's short and long term disability plan. (Compl. ¶¶ 6, 10.) The Complaint further alleges that Liberty requested medical information from McGarrigle, denied her claim for benefits on August 16, 2012, and denied her administrative appeal on November 8, 2012. (Id. ¶¶ 14, 17-18.) According to the STD Plan Summary, the STD Plan is self-funded by Factory, and Liberty provides claim processing services to the Plan. (Liberty Ex. B at LL-050.) The STD Plan Summary provides that Covered Persons who have become disabled due to injury or sickness and seek benefits pursuant to the STD Plan must provide notice of their claim and proof of loss to Liberty, which has the responsibility to determine: (1) if the proof is satisfactory, (2) whether benefits will be paid pursuant to the STD Plan, and (3) the amount of benefits that will be paid pursuant to the STD Plan. (Id. at LL-062-065, 072.) We conclude that the allegations of the Complaint, together with these provisions of the STD Plan, state sufficient facts, which if true, would establish that Liberty "[e]xercise[d] control over the administration of benefits" under the STD Plan and is thus a proper defendant under 29 U.S.C. § 1132(a)(1)(B). Evans, 311 F. App'x at 558. The Motion to Dismiss is, therefore, denied as to McGarrigle's claim for short term disability benefits.

B.      Exhaustion of Administrative Remedies

Liberty argues that McGarrigle's claim for long term disability benefits should be dismissed because she did not apply for long term disability benefits and thus has not exhausted her administrative remedies with respect to that claim. "'Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies

5

available under the plan.'"  Harrow v. Prudential Ins. Co., 279 F.3d 244, 249 (3d Cir. 2002)

(alteration in original) (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990)).

Although the Complaint alleges that McGarrigle applied for both short and long term disability

benefits in March 2012, she has conceded that she did not actually apply for long term disability

benefits pursuant to the LTD Policy.  (McGarrigle Mem. at 7-9.)  She suggests that we excuse

her failure to exhaust her administrative remedies with respect to her claim for long term

disability benefits because it would be futile for her to apply for long term disability benefits

since Liberty has already denied her claim for short term disability benefits.

"A plaintiff is excused from exhausting administrative procedures under ERISA if it

would be futile to do so."  Harrow, 279 F.3d at 249 (citing Berger v. Edgewater Steel Co., 911

F.2d 911, 916 (3d Cir. 1990)).  "Plaintiffs merit waiver of the exhaustion requirement when they

provide a 'clear and positive showing of futility.'"  Id. (quoting Brown v. Cont'l Baking Co., 891

F. Supp. 238, 241 (E.D. Pa. 1995); and citing Davenport v. Harry N. Abrams, Inc., 249 F.3d 130,

133 (2d Cir. 2001)).  We consider the following factors in determining whether exhaustion

should be excused based on futility:

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff
> acted reasonably in seeking immediate judicial review under the circumstances;
> (3) existence of a fixed policy denying benefits; (4) failure of the insurance
> company to comply with its own internal administrative procedures; and (5)
> testimony of plan administrators that any administrative appeal was futile.

Id. (citing Berger, 911 F.2d at 916-17; and Metz v. United Counties Bancorp., 61 F. Supp. 2d

364, 383-84 (D.N.J. 1999)).

McGarrigle admits that she did not apply for long term disability benefits pursuant to the

LTD Policy.  It appears, therefore, that she did not diligently pursue administrative relief as to

that claim.  The Complaint does not allege that McGarrigle acted reasonably in failing to apply

for long term disability benefits; that Liberty employed a fixed policy of denying benefits; that Liberty failed to comply with its own internal administrative procedures; or that any employee of Liberty conceded that it would be futile for McGarrigle to apply for benefits pursuant to the LTD Policy. Under these circumstances, we conclude that the Complaint does not allege sufficient facts to establish that the futility exception applies to McGarrigle's claim for long term disability benefits and, accordingly, we reject McGarrigle's request that we excuse her failure to exhaust her administrative remedies.

The Motion to Dismiss is, therefore, granted without prejudice as to McGarrigle's claim for long term disability benefits. McGarrigle's claim for long term disability benefits is dismissed without prejudice to her reasserting that claim after she has exhausted her administrative remedies pursuant to Factory's LTD Policy.[2]

## IV.    CONCLUSION

For the reasons stated above, Liberty's Motion to Dismiss is denied as to McGarrigle's claim against Liberty for short term disability benefits and granted, without prejudice, as to McGarrigle's claim for long term disability benefits. McGarrigle's claim for long term disability benefit is dismissed without prejudice and may be reasserted after she exhausts her administrative remedies with respect to that claim.

An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

[2]Liberty asks, in its Reply, that we stay McGarrigle's claim for long term disability benefits under the LTD Policy until her claim for short term disability benefits has been resolved. Since we have dismissed McGarrigle's claim for long term disability benefits, we need not address this request.